IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACQUAR STOKES,** *et al*. : |  |
|     **Plaintiff,** : |  |
| : |  |
| **v.** : | **CIVIL ACTION NO. 21-CV-1435** |
| : |  |
| **BLANCHE CARNEY,** *et al*. : |  |
|     **Defendant.** : |  |

## ORDER

AND NOW, this 29th day of September 2021, upon consideration of the Complaint in this case, which is styled as a class action but also asserts individual claims on behalf of six individual Plaintiffs (ECF No. 4), and upon consideration of the Motion to Proceed *In Forma Pauperis* (ECF No. 1) and Prisoner Account Statement (ECF No. 2) filed by Plaintiff Jacquar Stokes, and for the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

    1.    The Clerk of Court shall **AMEND** the docket to add the following Defendants, who were identified in the caption and body of the Complaint: (1) O. Ford; (2) C/O Antwi; (3) Capt. Harmer; (4) C/O M. Friend; (5) Sgt. Brown; (6) "Oliver ___ H"; (7) Lt. Reid; (8) Sgt. John Doe; and (9) C/O Felts. (*Id.* at 6.)

    2.    All class action claims are **DISMISSED WITHOUT PREJUDICE** for the reasons discussed in the Court's Memorandum.

    3.    Plaintiffs Kelly Gibson, Nicholas Fuentes, and Darius Williams are **DISMISSED** as parties to this case. The Clerk of Court is **DIRECTED** to **TERMINATE** these individuals as parties to this case on the docket. This dismissal is without prejudice to these Plaintiffs' ability to pursue claims raised in this lawsuit by initiating their own separate civil actions.

4. The claims raised by Plaintiff Jeffrey Cardona are **SEVERED** from this civil action as follows:

   a. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the following documents filed by Cardona in this action: Complaint (ECF No. 4), Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 8), Prisoner Trust Fund Account Statement (ECF No. 9) and Declaration (ECF No. 10).

   b. The new civil action shall name only Jeffrey Cardona as a Plaintiff on the docket and should be assigned in accordance with the Court's procedures.

   c. The Clerk of Court is **FURTHER DIRECTED** to terminate Jeffrey Cardona as a Plaintiff in Civil Action No. 21-1435 and to terminate his Motion (ECF No. 8) in this case.

   d. Cardona's individual claims will be addressed in the new civil action.

5. The claims raised by Plaintiff Ricardo Duplessis are **SEVERED** from this civil action as follows:

   a. The Clerk of Court is **DIRECTED** to open a new civil action using a copy of this Order and accompanying Memorandum and a copy of the following documents filed by Duplessis in this action: Complaint (ECF No. 4).

   b. The Clerk of Court is **FURTHER DIRECTED** to credit Duplessis's payment of the filing fee and administrative fee on July 8, 2021, to the new civil action.

   c. The new civil action shall name only Ricardo Duplessis as a Plaintiff on the docket and should be assigned in accordance with the Court's procedures.

      d. The Clerk of Court is **FURTHER DIRECTED** to terminate Ricardo Duplessis as a Plaintiff in Civil Action No. 21-1435.

      e. Duplessis's claims will be addressed in the new civil action.

6. Jacquar Stokes is **GRANTED** leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

7. Jacquar Stokes, #824841, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the appropriate official at the Guardian Office at Norristown State Hospital or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Stokes's inmate account; or (b) the average monthly balance in Stokes's inmate account for the six-month period immediately preceding the filing of this case. The appropriate official at the Guardian Office at Norristown State Hospital or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Stokes's inmate trust fund account exceeds $10.00, the appropriate official at the Guardian Office at Norristown State Hospital or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Stokes's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

8. The Clerk of Court is directed to **SEND** a copy of this Order to the Guardian Office of Norristown State Hospital.

9. The Complaint is **DEEMED** filed as to Jacquar Stokes as Plaintiff.

10. The Clerk of Court is also directed to **RESEND** to Stokes at his current address a copy of the Court's June 8, 2021 Order (ECF No. 6) so that he has it for his records (this Order does not require any response from Stokes).

11. For the reasons stated in the Court's Memorandum, Stokes's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) with the exception of the following claims:

   a. Stokes's excessive force claim against Defendant Ford in his individual capacity for pepper spraying him on June 1, 2020;

   b. Stokes's excessive force claim against Defendant Antwi in his individual capacity for pepper spraying him on February 3, 2021; and

   c. Stokes's claim against Defendant Harmer in his individual capacity for allegedly confining him to disciplinary segregation without due process for fifteen days in June of 2020.

12. The Clerk of Court is directed to **SEND** Stokes a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

13. Stokes may file an amended complaint within **30 days** if he seeks to amend any of the dismissed claims. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Stokes's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-1435. If Stokes files an amended complaint, his amended

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

complaint must be a complete document that includes all the bases for Stokes's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **<u>Claims that are not included in the amended complaint will not be considered part of this case.</u>**  Stokes should only raise claims on his own behalf and should not raise allegations on behalf of other prisoners.  When drafting his amended complaint, Stokes should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

14. If Stokes does not file an amended complaint the Court will direct service of his initial Complaint on Defendants Ford, Antwi, and Harmer only so that Stokes may proceed on the claims that the Court did not dismiss, which are listed in paragraph 11 of this Order.  Stokes may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Stokes is reminded to include the case number for this case, 21-1435.

15. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case.

                                      **BY THE COURT:**

                                      **/s/ Cynthia M. Rufe**

                                      **CYNTHIA M. RUFE, J.**